IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRITTANY STODDARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNDERLINING BEAUTY, LLC d/b/a NAILBOO,<br><br>Defendant. | Case No. 21-cv- |

## NOTICE OF REMOVAL

Defendant Underlining Beauty, LLC d/b/a Nailboo ("Defendant"), by and through its counsel of record, hereby gives notice of removal of this action from the Nineteenth Judicial Circuit Court in and for Saint Lucie County, Florida to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. In support thereof, Defendant respectfully states as follows:

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On August 23, 2021, Plaintiff Brittany Stoddard ("Plaintiff") commenced this putative class action, captioned as *Stoddard v. Underlining Beauty, LLC d/b/a Nailboo*, Case Number 2021CA001499, against Defendant in the Nineteenth Judicial Circuit Court in and for Saint Lucie County, Florida ("State Court Action").

2. Plaintiff purportedly served Defendant with the summons and the complaint ("Complaint" or "Compl.") in the State Court Action on September 15, 2021. This notice is

1

therefore timely pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action, including the operative Complaint, are attached to this Notice as **Exhibit A**.

4. A true and correct copy of the Register of Actions from the State Court Action is attached to this Notice as **Exhibit B**.

## JOINDER

5. No other defendants have been named in this action, and therefore, no joinder of additional defendants to this removal is necessary.

## RELEVANT ALLEGATIONS

6. Plaintiff's single-count Complaint seeks relief from Defendant, on behalf of herself and a putative class of similarly-situated persons, for allegedly making unlawful telephonic sales calls (specifically, text messages) without prior express written consent in violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.  Compl. ¶¶ 1, 28-35.

7. More specifically, Plaintiff alleges, *inter alia*, that (i) "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent" in violation of the FTSA; (ii) "Defendant made and/or knowingly allowed telephonic sales calls to be made" in this case; (iii) "the [putative] Class members number in the several thousands, if not more"; (iv) "Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories"; and (v) "the aggregate damages sustained by [Plaintiff and] the [putative] Class are in the millions of dollars." *Id*. ¶¶ 19, 20, 24, 26, 33-34.   Plaintiff further alleges that she received seven text messages sent by or on behalf of Defendant. *Id*. ¶¶ 11, 33.

8.      The Complaint seeks statutory damages in the amount of at least $500.00 per violation, as well as declaratory and injunctive relief and "any other available legal or equitable remedies." Compl. ¶¶ 4, 35, Prayer. Furthermore, statutory damages can be trebled under the FTSA for willful or knowing violations, up to $1,500 per violation. Fla. Stat. § 501.059(10)(b).

9.      Defendant disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff or the putative class has been harmed in any way or that this case is capable of or appropriate for class treatment. By seeking removal, Defendant does not waive any arguments with respect to the Complaint.

## CAFA JURISDICTION

10.     This Court has jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1332(d)(2) & (5), which together provide, *inter alia*, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ." and require that the proposed class must contain at least 100 persons. *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (summarizing CAFA) and *Cappuccitti v. DirecTV, Inc.,* 623 F.3d 1118, 1122 (11th Cir. 2010). As shown below, this case meets all of these requirements.

11.     First, the State Court Action is a "class action" under 28 U.S.C. § 1332(d)(2), because Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3). Compl. ¶¶ 1, 4, 18-27; *see also Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.,* 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

12. Second, there is minimal diversity between Plaintiff and members of the proposed class, all of whom are allegedly Florida residents (Compl. ¶¶ 5, 18), on the one hand, and Defendant, which Plaintiff alleges is a "foreign corporation" (*id.* ¶ 7) and is incorporated in Delaware (*see* **Exhibit C**, attached hereto), on the other.[1] *See also McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731 (11th Cir. 2014) (accepting Plaintiff's allegations as true for purposes of the court's jurisdictional analysis); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because all plaintiffs were Florida citizens and defendant was a citizen of Virginia).

13. Third, the possible class number and amount in controversy exceed the requisite minimums from the face of the Complaint because, as noted above and demonstrated below, Plaintiff seeks a minimum of $500.00 for each violation, and alleges that there are "several thousands" of class members, Defendant "knowingly" violated the FTSA (for treble statutory damages purposes), and aggregate damages are in the "millions of dollars."

14. Assuming "several thousands" of class members means there are a minimum of 3,000 class members,[2] each class member would only have to have received an average of about 1.1 text messages for the amount in controversy threshold to be satisfied.[3] Moreover, Plaintiff has included screenshots of seven text messages that she herself allegedly received in the Complaint.

---

[1] Under Fed. R. Evid. 201, "[t]the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Coleman v. Bos. Sci. Corp.,* 2020 WL 7090701, at *1 (S.D. Ala. Sept. 22, 2020) (taking judicial notice of secretary of state website identifying place of incorporation for jurisdictional purposes).

[2] *See, e.g., Laboratoires Perouse, S.A.S. v. W.L. Gore & Assocs., Inc.*, 528 F. Supp. 2d 362, 390 (S.D.N.Y. 2007) (explaining "several" means "more than two").

[3] This calculation is as follows: $5,000,000 threshold, divided by $1500 in trebled statutory damages, divided by at least 3,000 class members, equals approximately 1.1 text messages.

Assuming Plaintiff's claims are "typical" of the putative class as she alleged, it is plausible that each class member may have received more than one text message and may have received at least 2 text messages, if not more, and could be entitled to up to $1,500 in trebled statutory damages if the violation was willful/knowing. Therefore, based on the allegations in the Complaint and reasonable deductions and inferences to be made based thereon, the alleged class easily exceeds 100 persons and the alleged amount in controversy easily exceeds $5,000,000.[4] Thus, all CAFA removal requirements are met in this case. *See also Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.").[5]

---

[4] For example, assuming at least 3,000 class members, multiplied by 2 text messages each, multiplied by $1500 in trebled statutory damages for each text, equals $9 million possibly in controversy. Moreover, CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-88 (2014) (defendants may simply allege that the jurisdictional threshold has been met).

[5] Defendant does not concede Plaintiff is entitled to damages, nor is it required to do so for present purposes. *See, e.g., Anderson v. Witco Life Ins.* Co., 943 F.3d 917, 924 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (citing *Dart*, 574 U.S. at 89); *Mangano v. Garden Fresh Rest. Corp.*, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.") (citing *Dart*, 574 U.S. at 89; *Dudley v. Eli Lilly & Co.,* 778 F.3d 909, 913 (11th Cir. 2014) ("'[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' [] Moreover, at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751, 754 (11th Cir. 2010)).

## CONCLUSION

15. Defendant, having satisfied all requirements for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal, requests that the State Court Action be removed to this Court, and requests that the Court assume full jurisdiction over the case herein as provided by law.

WHEREFORE, Defendant hereby removes this civil action to this Court

DATED: October 15, 2021

Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
Josh A. Migdal, Esq.
Florida Bar No. 19136
josh@markmigdal.com
Yaniv Adar, Esq.
Florida Bar No. 63804
yaniv@markmigdal.com
eservice@markmigdal.com

*Attorneys for Defendant Underlining Beauty, LLC dba Nailboo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October 2021, a true and correct copy of the foregoing was served by e-mail upon all counsel of record.

By: *s/ Yaniv Adar*
Yaniv Adar Esq.